IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAPER, ALLIED-INDUSTRIAL, CHEMICAL AND ENERGY WORKERS INTERNATIONAL UNION, A.F.L.-C.I.O., CLC LOCAL NO. 8-5,<br><br>    Petitioner,<br><br>  v.<br><br>SHELL OIL PRODUCTS US MARTINEZ REFINERY,<br><br>    Respondent.<br>_____/ | No. C 06-5441 CW<br><br>ORDER GRANTING MOTION TO COMPEL ARBITRATION |

    Petitioner Paper, Allied-Industrial Chemical and Energy Workers International Union, A.F.L.-C.I.O., CLC Local No. 8-5 moves to compel arbitration.

    Respondent Equilon Enterprises, LLC, dba Shell Oil Products US, has withdrawn its objection to arbitration.  Although it agrees to proceed to arbitration, it argues that the Court should not award attorneys' fee, as Petitioner urges.  The Ninth Circuit instructs that an award of attorneys' "fees is appropriate when a party frivolously or in bad faith refuses to submit a dispute to

1  arbitration."  United Food & Commercial Workers Union v. Alpha Beta
2  Co., 736 F.2d 1371, 1383 (9th Cir. 1984).  Here, Respondent did not
3  frivolously refuse to arbitrate, nor was its prior refusal to
4  arbitrate made in bad faith.  As Respondent explains, it believed
5  that Petitioner was seeking to arbitrate whether Respondent had
6  violated State law, not whether it had violated the collective
7  bargaining agreement and the Disability Benefit Plan.  Petitioner's
8  motion to compel made clear that Petitioner is seeking to arbitrate
9  an alleged violation of the collective bargain agreement and the
10 Disability Benefit Plan and, thus, Respondent no longer objects to
11 arbitration.  Therefore, an award of attorneys' fees is not
12 appropriate.
13     Although Respondent agrees to arbitrate the grievance, it
14 objects to how Petitioner describes the grievance at issue.
15 According to Petitioner, the grievance is: "Whether Mike Hall and
16 other affected employees are entitled to non-occupational
17 disability benefits under the Employee's Disability Benefit Plan
18 (as incorporated into the Articles of Agreement); if so, what is
19 the appropriate remedy?"  Respondent contends that the grievance at
20 issue is: "Whether Employer conduct violates Articles 21 and 22 of
21 the collective bargaining agreement and the Disability Benefit Plan
22 made part of the collective bargaining agreement.  If so, what
23 remedy?"
24     The Court finds that Petitioner's description of the grievance
25 is accurate.  Respondent's language could be interpreted too
26 narrowly, applying only to Mike Hall and not other affected
27 employees.  The grievance itself makes clear that it is brought on

2

behalf of all employees.  Therefore, the Court will adopt Plaintiff's description.

    This matter was decided on the papers and, having considered all of the papers filed by the parties, the Court GRANTS Petitioner's Motion to Compel Arbitration (Docket No. 7).  The Court will not award attorneys' fees.  The parties are ordered to participate in arbitration of the following issues: Whether Mike Hall and other affected employees are entitled to non-occupational disability benefits under the Employer's Disability Benefit Plan (as incorporated into the Articles of Agreement); and, if so, what is the appropriate remedy?.

    The Clerk shall enter judgment.

    IT IS SO ORDERED.

Dated: 1/17/07

_____
CLAUDIA WILKEN
United States District Judge

3